37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Lee HUFF, Defendant-Appellant.
 No. 94-5035.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., District Judge. (CR-93-11-WS)
 Donald K. Tisdale, Sr., TISDALE, HOLTON & MENEFEE, P.A., Winston-Salem, NC, for Appellant.
 Benjamin H. White, Jr., Temporary Acting United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Henry Lee Huff pled guilty to one count of conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and one count of using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). He was sentenced as a career offender, United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993), to 324 months imprisonment for the conspiracy conviction and a consecutive sixty-month sentence for the Sec. 924(c) conviction. Huff appeals his sentence, contending that the district court clearly erred in finding that he had not accepted responsibility for his conduct. USSG Sec. 3E1.1. We affirm.
 
 
 2
 Despite his guilty plea to the Sec. 924(c) charge, and his ready admission that he both possessed guns and was involved with drugs, Huff maintained in his interview with the probation officer that he had not possessed firearms in connection with his drug trafficking. The probation officer testified at sentencing that Huff appeared to have a normal ability to understand the probation officer's explanation that he need not have brandished a firearm to have used or carried it within the meaning of the statute.
 
 
 3
 Huff did not testify or present evidence at the sentencing hearing, but defense counsel argued that Huff simply did not understand the meaning of the term "uses or carries a firearm" in Sec. 924(c), and that he had accepted responsibility by pleading guilty. The district court found that it was a close question, but decided Huff had not accepted responsibility for his criminal conduct. Subsequently, in his statement to the court, Huff denied much of the conduct ascribed to him in the presentence report and accused his co-defendants of lying about his participation in the conspiracy and his possession of firearms. Huff did not express any desire to withdraw his guilty plea.
 
 
 4
 The defendant has the burden of demonstrating that he has accepted responsibility for his offenses. United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989). Although a guilty plea is significant evidence of acceptance of responsibility, it may be outweighed by conduct inconsistent with acceptance of responsibility. USSG Sec. 3E1.1, comment. (n.3). On this record, we cannot say that the district court clearly erred in finding that Huff had not accepted responsibility for the conduct of which he was convicted.
 
 
 5
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED